HOAR <em>against</em> CLUTE, <em>by</em> BENSON, <em>his Guardian.</em>

Where a person engages to labour for another for a year, at a certain price for the whole time, and on leaving his service before the expiration of the year, it not appearing that he went away without his consent, the hirer gives him a draft, in consideration of his past services, which was not paid nor accepted by the drawee, in an action on the draft by the payee against the drawer, the latter cannot defeat the recovery by introducing the original contract of service.

An order, not negotiable, for the payment of money, and which has not been paid or accepted by the drawee, is not a payment or extinguishment of a precedent debt.

IN ERROR, on *certiorari* to a justice's court.

The defendant in error brought an action in the court below, against the plaintiff in error, for work and labour, and upon an order drawn by the defendant below, in favour of

the plaintiff below, upon *Ann C. Hoar*, dated *March* 22d, 1817, for 15 dollars. The plaintiff below proved the presentment of the order to the drawer, who refused to pay it, and that the payment was afterwards demanded of the defendant, who refused, alleging that the plaintiff had run away or left his service. The defendant produced a contract, entered into between the defendant, and the plaintiff and his father, by which the plaintiff was to work for the defendant for one year, at 120 dollars. It appeared that the plaintiff began to work some time in *January*, and left the defendant on the day of the date of the order; but whether with the defendant's consent, or not, did not appear, and there was no evidence of any complaint at the time, on the part of the defendant, on account of his leaving him. The jury found a verdict for the plaintiff below, for the amount of the order.

*Per Curiam:* The judgment must be affirmed. It was in proof that the plaintiff had laboured for the defendant between two and three months, and the amount recovered was not more than an adequate compensation, according to the rate agreed on for the year. The contract, it is true, was for a year, but the circumstances disclosed by the evidence afford a reasonable presumption that such contract was rescinded, and that the plaintiff quitted the defendant's service with his consent. The order for the fifteen dollars bears date the very day on which he left the defendant, and no complaint appears to have been made at the time. There was, at all events, a consideration for the order, and it must be considered as advanced upon the plaintiff's wages, and not having been accepted, and payment having been refused by the defendant, there can be no good reason why he should not pay it.(*a*) It could not be considered a payment or extinguishment of the plaintiff's demand : it was not negotiable, nor had it been paid by the person on whom it was drawn, so that the defendant could not, in any way, be exposed to a second responsibility for the same demand.

Judgment affirmed.

(*a*) Vide *Thorpe* v. *White and others*, 13 *Johns. Rep.* 53.