GEORGE P. BRADFORD and Others, Appellants, *v.* LYDIA
FOX, Executrix of Edward Fox, Deceased, Respondent.

*Account—Delivery of check in payment.*

The delivery of a check for the amount of an account presented for pay-
ment is not to be deemed payment of such account, unless the check is paid
on presentation to the proper bank.

Action to recover an account for goods sold by Plaintiff to
Defendant's testator. Defence, payment of the account: Trial at
Circuit without a jury.

The following facts appeared : That the goods were sold and
delivered by the Plaintiffs to the Defendant in June, 1856;
that in April, 1857, the account not having been paid, it was
placed by the Plaintiffs in the hands of their attorney for col-
lection, who wrote to the testator requesting payment. On the
7th of April the testator, by messenger, sent his check, payable
to the Plaintiffs, upon the Island City Bank for the amount.
Upon presentation of the check to the Plaintiffs by the messen-
ger, the Plaintiffs informed the messenger that the account was
in the hands of their attorney, with whom it must be settled.
The messenger thereupon took the check to the attorney, who
received the same, and gave a receipt therefor per account ren-
dered, and forwarded the check to the Plaintiffs at about four
o'clock, who, upon the next day, sent the same by their clerk to
the bank to get it certified. The clerk delivered the same to a
clerk in the bank, with a request to certify the same. The clerk,
after conferring with the receiving teller, returned the check
without certifying it to Plaintiffs' clerk, who returned the same
to Plaintiffs, who on same day sent it to their attorney, who upon
same day notified Defendant that the check had been dishonored,
and thereupon commenced this action.

There was no conflict in the evidence. It was proved that the

testator had sufficient funds in the bank to pay the check. The Judge found the above facts in substance, and thereupon dismissed the complaint with costs. After affirmance of the judgment by the General Term of the Supreme Court, the Plaintiffs appealed to this Court.

*J. E. Burrill* for the Appellants.

*Cram & Robinson* for the Respondents.

GROVER, J.—The delivery of the check did not operate as payment of the previous debt. (Hill *v.* Beebee, 13 N. Y. 566.) The receipt given by the plaintiffs' attorney therefor, although it did not refer to the check, but acknowledges the receipt of seventy-five dollars as per account rendered, added nothing to the effect of a mere delivery of the check to them. They were mere attorneys to collect the demand, and as such had no authority to receive anything but money as payment. This was known to the testator's agent at the time he delivered the check to them. The receipt, although primâ facie importing the receipt of money, was subject to explanation by parol proof, and the Defendant himself proved that no money was paid, but the check only delivered. The receipt contained no evidence tending to show that the check was received by the attorneys in satisfaction of the amount, unless such agreement is to be inferred from the fact that it imported that it was used as cash.

As above remarked, the attorneys had no power to receive the note or check of the debtor, or anything else in satisfaction except money. The debt not having been paid by the delivery of the check, it only remains to inquire whether that was effected by any subsequent act or omission of the Plaintiffs or their attorneys. The check was received by the attorneys about four o'clock; upon the same day they forwarded it to the Plaintiffs; they had the unquestioned right at once to return it to the testator and sue for their debt. Instead of this they sent it the next day to the bank, to procure a certificate of its goodness. This the bank, without any explanation, refused to do, thus creating a strong inference that the check was worth-

less. The Plaintiffs upon the same day returned the check to the attorneys, who gave the testator notice that it had been dishonored. This was the strongest kind of notice to the Defendant that the Plaintiffs would not accept the check as payment of the debt. There was no unreasonable delay in giving this notice. Upon what ground can it be said that the amount was paid? It is said in the prevailing opinion in the Supreme Court, that requesting the bank to certify the check was not a demand of payment or its equivalent; that the bank was under no legal obligation to certify the check. All this may be conceded, and yet it fails to show payment of the Plaintiffs' debt by the check. The Plaintiffs, without doing anything with the check, had the right to at once notify the testator that they would not receive it as payment, and thereafter held the check subject to his order. If they omitted this notice, and retained this check until the failure of the drawer, thereby causing a loss of the money, the case would have been different. Such loss would have been thrown upon the Plaintiffs, and to avoid circuity of action they would have been held to have made the check their own, and their debt against the drawer paid. But no such result followed in the present case, for the reason that notice of non-acceptance of the check as payment was promptly given, and for the further reason that there was no pretence of the failure of the drawer. The Supreme Court relied upon the authorities showing that, in an action by the holder of a check against the drawer, where laches in demanding payment or in giving notice of dishonor was averred, the onus of proving that no damages had accrued was upon the holder. But those cases have no application to the present. Here the action is for the collection of the pre-existing debt, and the onus of proving payment was upon the Defendant. To effect this, proof of the delivery to and receipt of the check by the Plaintiffs not being sufficient, the Defendant was bound to go further and show that by the laches of the Plaintiffs a loss had been incurred, to be borne by some one, and when this appeared the law would cast the loss upon the Plaintiffs, and would work out such result by making the check operate as payment of the debt. Retaining

the check after giving notice did not affect the question. It was held subject to the order of the Defendant; surrendering it upon the trial was sufficient. (Nichols *v.* Michael, 23 N. Y. 267 )

The judgment must be reversed and a new trial ordered, costs to abide event.

Judgment reversed.

JOEL TIFFANY,
State Reporter.