Stewart *v.* Millard.

---

DANIEL A. STEWART et al., Respondents, *v.* LEVI MILLARD, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1872.)

The defendant drew a draft or order in plaintiff's favor (not negotiable), which, if accepted and paid, was to pay a balance of an account. There was an account between the defendant and the drawee, which they afterward settled, but the balance was in the drawee's favor, and no allowance was made for the draft. *Held*, that the defendant was not discharged by the plaintiff's failure to present the draft and give notice of non-payment.

APPEAL from a judgment of affirmance in the County Court of Fulton county.

The action was brought on an account, before a justice of the peace, and the defence was payment by an order or draft given by the defendant on L. R. Fox. The order was not produced and its terms were not proved. The facts are stated in the opinion.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. The action was brought before a justice of the peace of Fulton county to recover an account. The defence was that the account was paid by a draft or order made by the defendant upon one Fox. The plaintiff and the defendant had a settlement on the 1st of December, 1866, when the order was made. It was taken upon the condition that it should be accepted and paid. The plaintiff presented it to Fox, who said if the defendant had it coming to him in January or when they settled, that he would pay it. One of the plaintiffs testifies that he thinks he notified the defendant of its non-payment the same winter, although not positive of it. Fox testifies that he did not owe the defendant, and when he and the defendant looked over their accounts, a balance was due from the defendant to him; that at the time of the settlement the order was mentioned, but was not charged or allowed to the defendant, or the amount paid to the plaintiffs.

There was some contradiction in the testimony, but assuming that the disputed facts were found in favor of the plaintiff, the foregoing are all which are material.

The justice rendered a judgment in favor of the plaintiff for the amount of the plaintiff's claim, $27.43, besides costs, and the defendant appealed to the county court, where the judgment was affirmed, and the defendant now appeals to this court.

The only question which arises in this case is whether

notice of non-acceptance or non-payment to the defendant was necessary.

It is a general rule that a failure by the holder to give to the drawer or indorser notice of the non-acceptance or non-payment of a draft, will discharge them from liability. (Ed. on Bills, 445.)

The mere fact that the drawer has no funds or effects in the hands of the drawee, is not alone sufficient to excuse the want of notice, if it appears that the drawer had a reasonable expectation that his bill would be accepted and paid. (*Robinson* v. *Ames*, 20 J. R., 150; 4 Cranch R., 141.) Even when there are dealings between the parties, and there is a fluctuating balance between them, or the drawer has from any cause reason to believe that he has at the time or will have funds in the hands of the drawee when the bill becomes due, he is entitled to notice, and, *a fortiori*, he is entitled to have the bill duly presented. (Ed. on Bills, 450.)

Damages will be presumed from a want of notice, but the presumption is not conclusive. If it appear, however, that no damage could arise, the necessity for the presentment or notice does not exist. (*Commercial Bank* v. *Hughes*, 17 Wend., 91; Ed. on Bills, 449, 450.)

As there was an account existing between the defendant and Fox, perhaps the defendant was authorized to draw the draft in question, but as no injury resulted to the defendant by a failure to give notice, I think notice was not necessary. The proof as to the terms upon which Fox and the defendant settled is conflicting; but the finding of the court in this question of fact is conclusive. It must, therefore, be assumed, I think, that the defendant settled with Fox without his allowing the draft to the defendant. The defendant, therefore, suffered no loss or injury in consequence of the neglect to give him notice (*Lovett* v. *Cornwall*, 6 Wend., 376, 377; *S. B. and N. Y. R. R. Co.* v. *Collins*, 3 Lansing, 32; *Bradford* v. *Fox*, 38 N. Y., 289), and cannot avail himself of such omission. As this distinctly appears from the facts presented, there was no defence to the action.

I do not understand that any of the cases cited hold that notice is indispensable, and the drawer will be discharged whether he has suffered injury or not.

The judgment of the Justice and County Court must be affirmed, with costs.