384  PEOPLE ex rel. PORT CHESTER BANK v. CROMWELL.

SECOND DEPARTMENT, DECEMBER TERM, 1885.

THE PEOPLE OF THE STATE OF NEW YORK ex rel.
THE PORT CHESTER SAVINGS BANK, APPELLANT, v.
DAVID CROMWELL, TREASURER OF THE COUNTY OF WEST-
CHESTER, RESPONDENT.

*Surrender of coupons upon the receipt of a worthless check — when the owner still
retains his title to them — a mandamus should not issue when an ample legal
remedy exists.*

The relator was the owner of certain coupon bonds issued by the county of
Westchester, which were by their terms made payable at a bank in New York
city. Subsequently the place of payment was lawfully changed to the private
banking-house of J. M. Masterton & Co., at Mount Vernon. On November
sixth coupons then due were presented to Masterton & Co. for payment, and
were delivered to them, upon the receipt of their check for the amount thereof.
The check was worthless, there being no funds in the bank upon which it was
drawn to meet it. The county had sufficient money on deposit with Master-
ton & Co. on the day the coupons were presented to pay them.

*Held,* that the delivery of the worthless check did not discharge the obligation
of the county, and that the coupons surrendered by the owner upon the
receipt of the check remained his property and might be recovered by him
in an action at law against the county to which they had been delivered by
Masterton & Co.

*Semble,* that as he had an ample and complete remedy at law, it was not a proper
case in which to issue a *mandamus* requiring the county treasurer to pay the
amount of the coupons to him.

APPEAL from an order denying a motion for a *mandamus* to
compel the county treasurer of Westchester county to pay to the
relator certain coupons upon bonds issued by the county of
Westchester.

*Isaac N. Mills,* for the appellant.

*Wilson Brown, Jr.,* for the respondent.

PRATT, J.:

On the 1st day of November last, the relator was, and for some
time had been, the owner and holder of certain coupon bonds of
the county of Westchester, certain coupons upon which matured
and became payable upon that date. By their terms those coupons
were payable at a certain bank in New York city, but pursuant to
due legislative authority the proper county authorities had lately

PEOPLE ex rel. PORT CHESTER BANK v. CROMWELL. 385

SECOND DEPARTMENT, DECEMBER TERM, 1885.

changed the place of payment from such bank to the private banking house of J. M. Masterton & Co., at Mount Vernon, and had given to the relator due notice of such change.

The county had sufficient money on deposit with Masterton & Co., on the said day to pay such coupons. On the sixth day of November, the coupons were presented to Masterton & Co., and a check given therefor and the coupons delivered to Masterton & Co., and by them afterwards returned to the county treasurer, the defendant herein. In fact the check given by Masterton & Co. was worthless, there being no funds in the bank to meet it; Masterton & Co's. account being overdrawn. The plaintiff thereupon demanded the coupons of the county treasurer and on refusal made a motion for a peremptory writ of *mandamus*, which was denied. This appeal is from that order.

It is to be observed that the check was worthless at the time it was delivered to the relator, it therefore did not pay the obligation of the county and the retaining of the coupons by the defendant after demand was wrongful. There could under the circumstances be no question of laches on the part of the relator. It is perfectly clear that if the relator had presented the coupons to the county treasurer and received a worthless check therefor it would have been no payment of the debt. (*Syracuse, etc., R. R. Co.* v. *Collins*, 1 Abb. N. C., 49; *Hill* v. *Beebe*, 13 N. Y., 562.) But how can it be said that receiving the check of Masterton & Co. would operate as an extinguishment of the debt, when Masterton & Co. were the agents of the county treasurer to perform that service.

Assuming, however, that Masterton & Co. were not agents, but must be regarded as a third party, the defendant is in no better position for the check was not received upon any express agreement that it should extinguish the debt and the check was worthless at the time. (*Noel* v. *Murray*, 13 N. Y., 169–172; *Turner* v. *Bank of Fox Lake*, 3 Keyes, 425.)

We are of opinion that the giving of the check by Masterton & Co. did not constitute a payment of the coupons, and that they remained and now are the property of the relator and unjustly withheld by the defendant. The relator, however, had an ample and complete remedy at law without seeking the aid of a writ of *mandamus*.

It is well settled by a long line of adjudications that the writ of *mandamus* will not be awarded where the party has an adequate remedy by action at law. (*Bcyce* v. *Russell*, 2 Cow., 444; *People ex rel. Merritt* v. *Lawrence*, 6 Hill, 244; *Matter of Shipley*, 10 Johns., 484.) It is too plain to require comment that the relator had a plain right of action against the defendant, and that a *mandamus* was not the proper remedy. This point however was not raised below and is not now urged, the parties desiring a decision upon the merits. Such being the case, the order must be reversed and the motion granted, without costs of this appeal.

BARNARD, P. J.:

The relations between the relator and the county of Westchester were not changed by the transactions between the relator and J. M. Masterton & Co., on the 6th of November, 1884. The relator on that day held the coupons in question for the payment of some annual interest on bonds of the county. The banking house of Masterton & Co. were the depositories of the county, and the county had money on deposit with Masterton with which to pay the amount of the coupons. It is a matter of dispute whether Masterton & Co. gave their draft at the request of the relator or gave it without anything being said by relator. It is very clear that the relator wanted payment, and the draft was only a means of payment. If the draft had been paid, the coupons would have been paid; otherwise not. (*Bradford* v. *Fox*, 38 N. Y., 289; *Noel* v. *Murray*, 13 id., 167; *Indig* v. *Nat. City Bank*, 80 id., 107.)

The argument of the learned counsel for the respondent in the light of these cases has no foundation. The firm of Masterton & Co. gave a draft which was not good and received the coupons which were not paid for, and the charge of the amount by the Mastertons against the county is a mere matter of book-keeping, and has no relevancy as against the relator. Even as against the county it was no payment, even with the aid of the books and the return of the coupons to the county treasurer. The securities belonged to the relator notwithstanding. There was no laches. The coupons were to be paid on their presentation, and the delay in presentment from the 1st of November, 1884, when they were due, the 6th of November, 1884, when they were in fact presented,

did not even tend to show neglect. The deposit must be kept good by the debtor. (*Indig* v. *Nat. City Bank*, 80 N. Y., 107.)

The draft was given on the redeeming bank of Masterton & Co. on the 6th of November, 1884, and on the seventh Masterton failed, and on the eighth the draft was presented in New York and was dishonored and protested, and soon thereafter notice thereof was given to the county treasurer. The coupons were in the possession of Masterton & Co. when they failed. The case therefore shows a good debt against the county. There was no laches, which in law is in some cases held to be payment in effect. These cases do not include such a state of facts as are presented on this appeal.

The order refusing a *mandamus* should be reversed, with costs, and the order granting a *mandamus*, as asked for, should be granted, with costs.

Present — BARNARD, P. J., and PRATT, J.; DYKMAN, J., not sitting.

Order denying *mandamus* reversed, with costs and disbursements, and motion granted.