By the Court.—Truax, J.
On the 22d of August, *106 1887, the defendant was indebted to thé plaintiff in the snm of $439.00 for services rendered before that date by plaintiff to defendant. The plaintiff presented his bills for such services, and the defendant gave him his own check for $165.55, and the check of one Woodruff, which was drawn to thó order .of the defendant, for $273.45. ‘Defendant’s check was paid, but the Woodruff check was not paid ; and plaintiff brought this action, on the original indebtedness to recover the said sum of $273.45.
One of the defences is payment. There is no direct evidence that the Woodruff check was taken in payment. The defendant says that the plaintiff presented his bill; he (defendant) gave him his check and the Woodruff check, and plaintiff gave defendant a receipt in full. Plaintiff says that when he presented his bill to the defendant, the defendant handed him the Woodruff check saying, “ I' have Mr. Woodruff’s check ; will you take that?” And plaintiff replied, “ Yes, with your endorsement” —and thereupon defendant endorsed the Woodruff check and handed it to plaintiff. Nothing was said about the check’s being taken in payment of the account, and it is to be noticed that the receipt does not purport to be in full payment. This testimony of the plaintiff was not contradicted on the trial, and is the only evidence in the case on this point.
We are of the opinion that this evidence did not warrant the jury in finding that the check was given to plaintiff in payment ; and, as we shall hereafter see, as there was no other evidence in the case that warranted the jury in finding for the defendant, the verdict should have been set aside and a new trial granted.
One of the defences was that the Woodruff check was not presented for payment by the plain tiff until some nine days after it was given to him by the defendant, and that by reason of this failure to pre *107 sent the check there was a loss to the defendant. There is not the slightest evidence to warrant the jury in finding that there was any loss to the defendant by reason of the aforesaid failure of the plaintiff to present the check. The uncontradicted evidence is, that at no time did the drawer of the check have enough funds in the bank to pay the check. The fact that he had money enough in his possession is immaterial, for plaintiff was under no obligation to the defendant to present the check to the drawer personally and demand payment from him. The place of payment was the bank,—and it was the duty of the drawer to have funds 'at the place named in the check. What the nature of- the relations between the bank and Woodruff were is also immaterial. The plaintiff was not bound to take part in a litigation or controversy between the bank and Woodruff. He had fulfilled all the obligations that the law placed upon him when he presented the check at the place named in the check.
In an action for the collection of a pre-existing debt, the onus of proving payment is upon the defendant; and proof of the delivery to and receipt by the plaintiff of a check on account of the indebtedness is not sufficient to prove payment, but the defendant must go further and show that the check has been paid or that, by the laches of the plaintiff, he has incurred a loss. The delivery of a check does not operate as payment of a previous debt, and a receipt given upon delivery of a- check acknowledging the receipt of money adds nothing to the effect of such delivery, and is subject to parol proof as to its real import. Bradford v. Fox, 38 N. Y. 289.
The court at the close of the case allowed the jury to take the pleadings into the jury-room and instructed the jury that “ the pleadings may be regarded as in evidence, but only so far as they relate to questions at issue and presented at the trial, and as to which evi *108 dence has been taken or where the facts are admitted.” The counsel for the plaintiff asked the court to instruct the jury that “ the matters alleged in the answer are not to be taken as admitted, because there is no pleading on the part of the plaintiff in reply.” This was refused and he excepted.
It was error, we think, to submit the pleadings to the jury with the instruction given by the court, and without the modification asked for by the appellant. It presented to the jury without proper instruction, and with an erroneous instruction that the jury might regard as admitted facts, certain allegations of the answer to which the plaintiff had not replied.
Some of the facts that the jury might consider as admitted under this instruction of the court were the allegations in the fifth, sixth, seventh and eighth paragraphs of defendant’s answer. Some of these allegations were entirely immaterial, and no evidence was offered to sustain then,—and yet they went before the jury as undenied by the plaintiff, and it may well be said that they influenced the minds of the jury.
• We are of the opinion that the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Dugro, J., concurred.
Sedgwick, Oh. J., dissented.