### FLYNN *v.* WOOLSEY.

*(Supreme Court, General Term, Second Department. July, 1890.)*

PAYMENT—CHECKS.

    Defendant being indebted to plaintiff sent his check to the latter expressing in terms on its face that it was "in full." The check was for less than the debt, and was neither presented nor returned until tendered back at the trial. Defendant suffered no loss by reason of plaintiff's failure to present the check. *Held,* that this was not a payment in full or *pro tanto.*

Appeal from judgment on report of referee.

Action by Peter T. Flynn against Edward J. Woolsey. The complaint was one to recover for work, labor, and services. There was judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*S. B. & D. Noble,* for appellant. *Benner & Benner,* for respondent.

BARNARD, P. J. The plaintiff is an expressman, and as such was employed by the defendant to carry and deliver various articles between the dates of June 20, 1885, and January 13, 1888. On January 8, 1888, the defendant sent his check to the plaintiff for $48.75, and expressing in terms on its face that it was in full to January 1, 1887. In fact it was not in full, but was some $12 less than the debt at that date. The check was never either presented or returned until it was tendered back on the trial. This was not a payment in full, or a payment at all. There are cases where the non-presentation of a check occasions a loss of its amount. The neglect to present will be sufficient to charge the holder with the amount of the check. No damage is proven in this case by the failure to present the check. *Bradford* v. *Fox,* 38 N. Y. 289. On the contrary, it appears that the check was never presented and paid, and that the defendant has voluntarily withdrawn the account from the bank where the check was payable. The services charged include no item for cash paid out, but there were small sums paid out in and about the employment, and really as part of the carrying. The expressman had to buy the goods ordered, and pay for the same, and the bill of particulars is made out for carting, and cash paid out. The complaint, in the absence of objection, was sufficient to admit the proof, and, the proof once in, the amount of the cash paid was justly called for in the judgment. The judgment should therefore be affirmed, with costs. All concur.