### BLOCK v. GARFIELD et al.

(City Court of New York, General Term. December 27, 1899.)

1. TENDER.

A check is not a legal tender.

2. PAYMENT—CHECK.

The delivery of the vendee's check to his vendor did not operate as payment for goods sold, where it was returned to the vendee, and in his possession when suit was brought for the price, and was kept by him ever since.

3. APPEAL—REVERSAL—NEW TRIAL.

Upon the reversal of a judgment for a defendant who has interposed a general denial and a counterclaim, the court cannot render judgment, but must remand the case for a new trial.

Appeal from special term.

Action by Eugene H. Block against Charles Garfield and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCHUCHMAN and O'DWYER, JJ.

Epstein Bros., for appellant.

Ralph Nathan, for respondents.

SCHUCHMAN, J.  The complaint sets up a cause of action for goods sold and delivered to the amount of $147.47.  The answer admits the sale and delivery of but $137.06, and sets up a counter-claim or set-off of $13.48 for damaged goods which were returned, and payment of the balance by delivery to and acceptance by the plaintiff of a check for $123.58 in payment of the difference.  The appellant, in his brief, for the purpose of this appeal, admits that the defendants purchased only $137.06 worth of merchandise, and had a counterclaim for $13.48, leaving a balance of $123.58, which plaintiff was entitled to recover if payment thereof was not made. This reduces the consideration of this appeal to a single question, to wit, can plaintiff recover on the cause of action for goods sold and delivered, or is he barred by the giving of defendants' check?

At the trial the defendants, to prove the payment, showed that the plaintiff said he would send for a check, and take the piece of goods back; that the defendants delivered the goods, worth $13.48, with a check for $123.58, to a clerk of the plaintiff; that the clerk signed the receipt and took the check; that the young men came back the same day with the piece of goods and the check, and returned them to the defendants, saying that the plaintiff did not intend to allow for the piece of goods; that the defendants again insisted that it was correct, and the young men took the goods and the check back to plaintiff, and in the course of two hours the young men returned again, and left the goods and check with the defendants.  The defendant Bernstein testified:

"Mr. Block, the plaintiff, returned the check. He (plaintiff) received nothing for his goods. Plaintiff can have his check any time he wants it. I hold it as it was made out. I have the check, but I offered it to the plaintiff."

On these facts the jury rendered a verdict in favor of defendants.

A check is not a legal tender.  Grussy v. Schneider, 50 How. Prac. 134.  The delivery of defendants' check to plaintiff did not operate as payment of the pre-existing debt incurred by the sale and delivery of the goods,—particularly not, when the check was returned and in defendants' possession when suit to recover the debt was commenced, and remained in their possession ever since.  Strong v. Stevens, 4 Duer, 668; Bradford v. Fox, 38 N. Y. 289.  The jury's verdict is erroneous.  The plaintiff was clearly entitled, on the evidence, to a verdict of $123.58.

The appellant makes the point that judgment absolute should be ordered for the plaintiff for $123.58.  This we cannot do.  The plaintiff suing for $147.47, and defendants interposing a general denial and a counterclaim of $13.48, necessitate a new trial.  Plaintiff made

no motion for the direction of a verdict, but after the judge's charge he made a request to charge "that in any event the jury must render a verdict for plaintiff for $123.58."

Judgment and order appealed from reversed, and a new trial granted, with costs and disbursements to the appellant to abide the event.

O'DWYER, J., concurs.