WILLIAMS v. BROWN et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. PAYMENT—CHECK—ACCEPTANCE—LACHES IN PRESENTING.
   Defendant mailed a check on July 3d at T. in payment of an account for goods, which was received on July 5th at N., but did not come into plaintiff's hands until July 10th, whereupon he accepted it and returned a receipt for the account. On the morning of July 11th, plaintiff deposited it in a bank, which presented it for payment to the drawee bank at P. on July 14th, but it was dishonored, as the bank on that day closed its doors. The actual time necessary for the delivery of mail between N. and P. was less than two days. *Held,* that the laches of the depositary bank, with which plaintiff was chargeable as his agent, discharged defendant from the debt.

2. EVIDENCE—JUDICIAL NOTICE.
   Judicial notice will be taken of the relative geographical location of a city in New York and one in New Jersey, and of the time of railroad travel and for the transportation of mails between them.

Appeal from municipal court.

Action by Samuel J. Williams against Abraham C. Brown and others, for goods sold and delivered. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Hamilton R. Squier (Walter T. Elliott, on the brief), for appellants. Robert L. Luce, for respondent.

JENKS, J. This is an appeal from a judgment of a municipal court for plaintiff in his action for goods sold and delivered, wherein the defense is payment. The defendants, in payment of the account, mailed a letter on July 3, 1899, at Tottenville, Richmond county, containing a check dated July 3d, drawn by one Brown upon a bank in Perth Amboy, N. J., and addressed to plaintiff in New York City. The check, though received on July 5th, did not come into plain-

tiff's hands until July 10th, whereupon he accepted it, and returned a receipt of the account. On the morning of July 11th the plaintiff deposited the check with the Fulton & Market Bank of New York City, and it was presented for payment to the bank at Perth Amboy on July 14th, but was dishonored, for the bank on that day had closed its doors.

I deem it unnecessary to place the legal responsibility for the de lay between the delivery of the letter inclosing the check and actual receipt thereof, for the reason that, even were the fault found in the defendants, that does not affect the subsequent omissions of the plaintiff that require a reversal of his judgment. The burden of proving payment is upon the defendants. The giving and the ac ceptance of the check, in the absence of any agreement, was but a conditional payment (Bradford v. Fox, 38 N. Y. 289; Carroll v. Sweet, 128 N. Y. 19, 27 N. E. 763, 13 L. R. A. 43), not affected by the re turn of the receipt (Bradford v. Fox, supra). But if the defendants established the giving and acceptance of the check, and that the plaintiff, in the attempt to collect it, was guilty of laches or neglect, to the defendants' damage, such consequent loss is upon the plaintiff, and the defense of payment is made out. Bradford v. Fox, supra; Greenwich Ins. Co. v. Oregon Imp. Co., 148 N. Y. 758, 43 N. E. 987; Smith v. Miller, 43 N. Y. 171. When plaintiff accepted the check, he undertook to present it within a reasonable time. Martin v. Bank, 160 N. Y. 190, 54 N. E. 717. Did he fulfill his obligation, and, if he did not, was there resultant damage to the defendants? When he received the check, it was due instantly. He chose to de posit it in his bank in New York City. It is not necessary to hold that this was aught but a proper course, but by his act the plaintiff constituted the bank his agent, so far as the rights and liabilities of the defendants are concerned, and so the question is, "How did the agent acquit itself?" If the New York bank had presented the check to the bank in Perth Amboy on the 11th, the 12th, or the 13th of July, there is evidence sufficient to warrant the conclusion that it would have been honored, for that bank did not stop payment until July 14th. Judicial notice may be taken of the relative geographical lo cations of the borough of Manhattan, New York City, and Perth Amboy, N. J., and that the time for railroad travel and for the trans portation of the mails between these places is less than two days. Parks v. Packing Co., 6 Misc. Rep. 570, 27 N. Y. Supp. 289; Fitz patrick v. Papa, 89 Ind. 17; Pearce v. Langfit, 101 Pa. St. 507. No reason is given for this delay, or for the course of sending this check through a third bank in New Brunswick, N. J. If this bank could not make a swifter collection, that is not to militate against the de fendants, unless it were established that this course of plaintiff and the bank met the measure that exacted presentation within a reason able time; and in the absence of all evidence thereof, and in view of the relative geographical locations of the two places, the time of travel, the modern methods of communication, and the postal facili ties of the Middle States, the plaintiff fails to explain the delay from the morning of July 11th until the close of banking hours on July 13th. I do not overlook the fact that the plaintiff sought to prove

usage by calling the assistant receiving teller of his New York bank, who was questioned:

"Are you familiar with the course of business in banks in the city of New York, and the method of their making collections on out of town banks?"

And who answered:

"Yes, sir; the check was put through the bank in the usual course of business, and in the usual way, and it did not take any longer to present it at the Perth Amboy bank than is usually required in the ordinary course of business, when put through in the usual way."

Possibly the answer refers to a usage or a custom of banks other than his own bank, but in any event there is no evidence of any general usage or custom that the defendants knew or ought to have known. Booth v. Baird, 87 Hun, 452, 34 N. Y. Supp. 392; Kling v. Bank, 21 App. Div. 373, 379, 47 N. Y. Supp. 528; Dwight v. Cutting, 91 Hun, 38, 36 N. Y. Supp. 99.

In Bank v. Broderick, 13 Wend. 133, the defendants were sued as indorsees of a check drawn in their favor on a bank in Albany, and several days previous to its date the defendants transferred it to M., who on the day of its date deposited it in the Mohawk Bank, at Schenectady, which retained it three weeks, and then sent it to Albany, as was its usual course of business with the Albany banks. A daily mail passed between Schenectady and Albany. The chancellor says:

"I think we should lay out of the question the facts found by the special verdict as to the usual course of exchanges between the Mohawk Bank and the banks in the city of Albany, as there was no pretense that this check was drawn or indorsed with a view to its being negotiated or cashed at the Mohawk Bank, or that there was any usage or trade by which the defendants had reason to suppose that it would be collected through the bank."

Further, the evidence establishes that the defendants paid full face value of the check in cash to the drawer, Brown; and, if the plaintiff recover of them, any attempt on their part to proceed against Brown might be met by his plea that the check was good when delivered, and had been kept good for a reasonable time by him, during which time it should have been presented for payment, and that it had been transferred by the defendants into the hands of third parties for value.

The judgment must be reversed, and a new trial must be granted.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.