## WILLIAMS v. BROWN et al.

(Supreme Court, Appellate Division, Second Department.   February 11, 1903.)

1. CHECK—LACHES IN PRESENTING—LIABILITY OF DRAWER.
   Delay of party in presenting check given him by holder in settlement of an account for goods until after the bank on which it was drawn had failed would not prevent his recovering against the holder for the goods, it appearing that the maker of the check had settled with the bank in such a way as to incur no loss, so that the holder's remedy against the maker was unimpaired.

Appeal from municipal court of New York.

Action by Samuel J. Williams against Abraham C. Brown and others.  Judgment for plaintiff, and defendants appeal.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hamilton R. Squier, for appellants.

Robert L. Luce, for respondent.

PER CURIAM.   This case was before the appellate division at the July term, in 1900, when a judgment in favor of the plaintiff was reversed on account of the unexplained delay of the plaintiff in collecting the check, which was given in conditional payment for the goods sold and delivered.   53 App. Div. 486, 65 N. Y. Supp. 1049.   Upon the trial which the present appeal brings up for review, it was made distinctly to appear that the person whose check upon the Perth Amboy Bank was given in payment of the plaintiff's account had settled with that bank in such a way as to incur no loss by reason of the failure of the institution.   Under these circumstances the delay in the presentation of the check did him no damage, and would not be available to him as a defense in case the defendants should endeavor to enforce payment thereof.   As it is now claimed that the defendants have not actually paid for the property which they purchased from the plaintiff, and that the plaintiff has in no wise harmed them or the maker of the check by his manner of dealing with it, it follows that the judgment is right, and should be affirmed.

Judgment of the municipal court affirmed, with costs.