AMERICAN LUXFER PRISM CO. v. BARTOLICIUS STAR IRON
WORKS, Inc.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. PAYMENT ☞19—ORDER ON THIRD PERSON.
Where a subcontractor, gave a materialman an order on the principal contractor for the amount due such materialman, knowing that it would not be paid, such order was not a payment which would extinguish the subcontractor's liability to the payee, since, under Negotiable Instruments Law (Consol. Laws, c. 38) § 210, being in the nature of a bill of exchange payable on demand, it created no liability against any person except the drawer, and so could not operate as an equitable assignment of the subcontractor's claim, while, if it was a nonnegotiable instrument, the same rule applied.
[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 22, 23; Dec. Dig. ☞19.]

2. PAYMENT ☞73—ORDER ON THIRD PERSON—SUFFICIENCY OF EVIDENCE.
Evidence held insufficient to show that a subcontractor's order on the principal contractor was taken by a materialman as payment of his claim, and not as security.
[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. ☞73.]

3. PAYMENT ☞67—ORDER ON THIRD PERSON—BURDEN OF PROOF.
Even where there is an express agreement between the parties that an order on a third person for the payment of money shall extinguish the drawer's liability to the payee, the burden to prove payment, in a suit by the payee on the original indebtedness, is on defendant.
[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162, 189–194, 198; Dec. Dig. ☞67.]

4. PAYMENT ☞67—ORDER ON THIRD PERSON—PRESUMPTION.
The presumption is that an order on a third person for the payment of money, taken by a creditor of the drawer, was accepted as security, and not in extinguishment of the indebtedness.
[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162, 189–194, 198; Dec. Dig. ☞67.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the American Luxfer Prism Company against the Bartolicius Star Iron Works, Incorporated.   Judgment for defendant, and plaintiff appeals.   Reversed, and judgment directed for plaintiff for the amount demanded in the complaint.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Gaston Tisne, of New York City, for appellant.

Robert E. Palmer and James A. Palmer, both of New York City, for respondent.

COHALAN, J.   Plaintiff, for work performed, sued the defendant subcontractor to recover the agreed price of $125.   In payment of the claim in suit the defendant, well knowing that the Lithic Construction Company, the general contractor, was in no position to pay the claim, gave the plaintiff an order on it, which reads as follows:

"February 18, 1914.

"Lithic Construction Co., 103 Park Avenue, New York City—Gentlemen: We hereby authorize you to pay to the order of the American Luxfer Prism Company the sum of one hundred and twenty-five dollars ($125), the same being for work done at No. 36 West Fortieth street, and charge the same to our account.

"Yours very truly,                    Bartolicius Star Iron Works, Inc.,
                                            "Emil Bartol."

This order was mailed to the drawee, which held and refused to pay the same.   No part of the money was ever paid by either the drawer or the drawee.   The court below held that the plaintiff was not entitled to recover from the defendant herein, as the order operated as an equitable assignment of the defendant's claim against the Lithic Construction Company, and was accepted in full settlement by the plaintiff.

[1-3] It is our view that the plaintiff is entitled to recover from the defendant upon the original indebtedness, because the evidence is insufficient to show that there was an express agreement on the part of the plaintiff to accept the order as payment and an absolute discharge of defendant's liability.   The defendant had endeavored and failed to collect from the Lithic Construction Company an indebtedness of $1,200.   The plaintiff anticipated that the order on that company would be paid on presentation, but at that very time the defendant had full knowledge that the order would not be paid.   The defendant now asserts that the order was taken by the plaintiff, not as collateral security merely, and as the means of satisfying its claim, but as payment and in full discharge of its antecedent debt, and that its legal effect was to release the defendant from every obligation arising from its contractual relationship with the plaintiff.   To so hold would be to foreclose the plaintiff from recovering the value of its labor and materials furnished, and the defendant would be enriched to the full extent thereof.

The order on the Lithic Construction Company was in the nature of an inland bill of exchange, payable upon demand; it created no

liability against any. person, excepting the drawer of the same. Negotiable Instruments Law, par. 210. Hence it did not operate as an equitable assignment. Defendant proved no acceptance of the order. It was shown, on the other hand, that the bill was sent to the drawee and dishonored; that it was payable upon demand, and it was not agreed to be paid at any other time; and that payment thereof was refused. The bill should have been returned to the payee, and by it surrendered to the defendant; but there was testimony in the case that it had been lost. Even if there was an express agreement between the parties that the order should be given as payment, the burden of proving that fact was upon the defendant. Bradford v. Fox, 38 N. Y. 289; Noel v. Murray, 13 N. Y. 167. The same rule would apply if it was a non-negotiable order. Hoar v. Clute, 15 Johns. 224.

[4] The record does not show that the plaintiff ever agreed to take the order in full payment. Hence the defendant has not sustained the burden of proof, which rested upon it, and the presumption of law that the order was not taken in payment, but only as the means of payment, was not successfully met by the defendant.

Judgment reversed, with costs to appellant, and judgment directed for the plaintiff for the amount demanded in the complaint, with interest from November 1, 1913, with appropriate costs in the court below. All concur.