McEwen Brothers, Plaintiff, *v.* Theodore Cobb et al., Defendants.

(Supreme Court, Allegany Trial Term, October, 1918.)

Negotiable Instruments Law, § 322 — bills, notes and checks — banks — evidence — payment — what constitutes negligence in presentation — bankruptcy.

In an action to recover for goods sold and delivered, it appeared that one of the defendant partners mailed to plaintiff a check drawn on a private bank payable to plaintiff's order for balance due, and upon its receipt the next day plaintiff immediately indorsed the check and deposited the same to its credit in the bank where he did business and on the same day plaintiff mailed a letter to said defendant acknowledging receipt of the check which letter was received by said defendant. On the same day, the check was forwarded to the private bank with demand for payment, but was not paid; six days later the private bank closed its doors and soon thereafter was adjudicated a bankrupt. At all times after the date of the check the defendants had on deposit in the bank upon which it was drawn sufficient funds with which to meet it. After the bank had closed its doors it returned the check to the forwarding bank where it was charged on its books to the account of plaintiff which returned it by letter to defendant who had mailed it to plaintiff. *Held,* that upon the evidence the defense of payment had been established.

Under section 322 of the Negotiable Instruments Law, plaintiff upon accepting the check was bound to present it to the bank upon which it was drawn within a reasonable time, but the deposit of the check in plaintiff's bank, thereby constituting it plaintiff's agent to make the presentation to the drawee bank, was not a discharge of the duty imposed by said section.

The failure of plaintiff's bank to follow up the matter of the failure to receive the proceeds of the check from the drawee bank, though it had several days in which to do so before said bank closed its doors, constituted negligence in presentation and resulted in loss to the drawers of the check who, had they been notified of the failure of said bank to pay the check, would have had opportunity to demand payment of their deposit before the failure of the bank.

Motion for the direction of a verdict.

Frank B. Church, for plaintiff.

Lee Fassett, for defendants.

Sears, J. At the close of the evidence both parties moved for a direction of a verdict. The evidence establishes the following facts: On May 13, 1910, the defendants, who were copartners, were indebted to the plaintiff, a corporation, in the sum of $412.86, being the balance of an account for goods sold and delivered. On that day one of the defendants who lived in Genesee, Penn., drew a check upon the Genesee Banking Company, a private bank of Genesee, Penn., for the sum of $412.86 to the order of the plaintiff for the balance thus due and mailed the check at Genesee, Penn., addressed to the plaintiff at Wellsville, N. Y. The check was received by the plaintiff on the morning of May 14, 1910, which was Saturday, and was immediately indorsed by the plaintiff and deposited to the plaintiff's credit upon the books of that bank. On the same day a letter acknowledging receipt of the

check and stating that it had been applied upon the defendants' account was mailed by the plaintiff to the defendant who sent the check at Genesee, Penn., and was received by him. The Citizens National Bank forwarded the check by mail on the same day that it received it, that is, May 14, 1910, to the Genesee Banking Company at Genesee, Penn., with demand for payment. On the 20th day of May, 1910, the Genesee Banking Company closed its doors and soon afterwards was adjudicated a bankrupt. The check in question was received by the Genesee Banking Company a few days before it closed its doors, on May sixteenth at the latest, but was not paid by the Genesee Banking Company. The defendants at all times after May thirteenth had on deposit with the Genesee Banking Company in the account on which this check was drawn sufficient funds to meet the check. The Citizens National Bank of Wellsville received the check back from the Genesee Banking Company between the 23d day of May and the 1st day of June, 1910, when it was charged to the account of the plaintiff on the books of the Citizens National Bank and was returned by it to the plaintiff which in turn sent the check to the defendant O'Donnell in a letter dated June 1, 1910. The defendant introduced in evidence a Pennsylvania decision (*Merchants National Bank of Philadelphia* v. *Goodman,* 109 Penn. St. 422) which holds that the sending of a check by mail directly to the drawee bank is not a presentation for payment so as to entitle the bank, in which the check had been deposited by the payee, to charge the amount of the check to the account of the depositor because of the failure of the drawee bank to pay the check which had thus been sent forward to that bank by mail.

The defendant contends that under these circum-

stances he has established the defense of payment and I agree with the defendant in this contention. As this action was upon the pre-existing debt for which the check was delivered, the defendant pleading payment must show delivery, acceptance and loss to him through laches in presentation of the check. *Dehoust* v. *Lewis,* 128 App. Div. 131; *Baldwin's Bank* v. *Smith,* 215 N. Y. 76. The plaintiff upon accepting the check was bound to present it to the bank upon which it was drawn within a reasonable time. *Carroll* v. *Sweet,* 128 N. Y. 19. In this state this rule is now embodied in a statute. Neg. Inst. Law, § 322. The plaintiff did not discharge this obligation by depositing the defendant's check in the Wellsville bank. The plaintiff, by depositing the check in the Wellsville bank, thereby constituted that bank its agent to make the presentation to the drawee bank. *Williams* v. *Brown,* 53 App. Div. 486.

While the authorities in this state seem to hold that it is not negligence as matter of law to forward a check for payment by mail directly to the drawee bank (see *Baldwins Bank* v. *Smith, supra,* discussing *Indig* v. *National City Bank of Brooklyn,* 80 N. Y. 100), no case that I have been able to find sustains the proposition that the full duty of presentation is fulfilled when the check is mailed and nothing more is done. Presentation would not be completed by handing a check in at a teller's window and leaving before receiving a response from the teller. As it is pointed out above, this check presumably reached the Genesee Banking Company on May sixteenth and should have been paid on that day and the proceeds received by the Citizens National Bank on May seventeenth, but on failing to receive such proceeds the Citizens National Bank failed to follow up the matter, although it had all of the seventeenth, the eighteenth and the nine-

teenth to do so before the Genesee Banking Company closed its doors on May twentieth. This constituted negligence in presentation and resulted in loss to the defendants, who, if they had been notified on the seventeenth, eighteenth or nineteenth of the failure of the Genesee Banking Company to pay the check, would themselves have had the opportunity to demand payment of their deposit before the failure of the bank.

The Pennsylvania decision introduced in evidence, however, is not controlling because the questions here involved relate to the common law concerning which our own decisions must be followed. *Faulkner* v. *Hart,* 82 N. Y. 413; *St. Nicholas Bank* v. *State National Bank,* 128 id. 26.

Judgment is therefore directed in favor of the defendants, with costs.

Judgment accordingly.